IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA URBANSKI, STEVEN URBANSKI, h/a INDIVIDUALLY AND AS PARENTS OF J.U., A MINOR | : CIVIL ACTION<br>: NO. 14-2227<br>:<br>: |
| vs. | :<br>: |
| BAYADA HOME HEALTH CARE | : |

O'NEILL, J.                                                                                              June 30, 2014

**<u>MEMORANDUM</u>**

I have before me the defendant's motion to dismiss plaintiffs' amended complaint for failure to state a claim and for improper venue or, in the alternative, to transfer venue to the Middle District of Pennsylvania and plaintiffs' response thereto.

Plaintiffs allege that they are the parents of J.U. a minor with significant impairments. Defendant, a home health care provider, provided a pediatric home health aide to accompany plaintiff's son while he attended Good Shepherd Academy, a private Catholic school in Kingston, Pennsylvania. Among other things the aide assisted plaintiff son in the school's restroom. In September 2012 defendant assigned a Ms. Nieves to work with plaintiff's son on Fridays and as a back-up when another aide was not available. In June 2013, Ms. Nieves ceased her one-day a week assistance to plaintiff's son. In February 2014, defendant informed Mrs. Urbanski that Ms. Nieves had been arrested. In response to plaintiffs' request, on February 12, 2014 defendant provided them with a copy of Ms. Nieves' background checks, one of which allegedly showed that criminal records existed on her part. The amended complaint alleges that on January 21, 2014, Ms. Nieves was indicted for conspiracy to commit sex trafficking of children by force and coercion; conspiracy to transport a minor in interstate commerce with intent to engage in criminal sexual activity; persuading, enticing, coercing an individual to travel

in interstate commerce to engage in prostitution; carrying and possessing a firearm during and in relation to and in furtherance of a crime of violence; and related charges.

Plaintiffs allege that "given Ms. Nieves' history and the charges against her, it is reasonable to assume that she engaged in some improper treatment of J.U. whether it be improper touching or taking inappropriate photographs or videos." Am. Comp. ¶¶ 40, 52. They further allege that "because of their son's cognitive impairments and limitations in communication ability," they "cannot exclude the likelihood that . . . Ms. Nieves[ ] physically mistreated their son." Am. Comp. ¶¶ 57, 62. Plaintiffs allege that as a result of the negligence of defendant, minor plaintiff J.U. has suffered as-yet-undetermined physical and/or emotional injuries and that they have suffered severe emotional distress and anguish.

Plaintiffs and their minor son reside in Luzerne County in the Middle District of Pennsylvania. The harm they allegedly suffered occurred there. Defendant is a citizen of New Jersey although plaintiffs allege that it is suable in this District. The only connections with this District appearing in the amended complaint are that counsel is a Philadelphia lawyer, which is not relevant, and that plaintiffs had J.U. evaluated by a developmental pediatrician at Children's Hospital of Philadelphia. They also allege that they had J.U. evaluated by their local pediatrician and by the medical director of the Scranton Children's Advocacy Center "but none have been able to rule out J.U. having been abused while under the care of Kyoni Nieves." Am. Compl. ¶ 27.

In my view, the connections of this case to this District are so minimal that I cannot justify maintaining it here.

28 U.S.C. § 1404 provides that a District Court may transfer any civil action to any other District where it might have been brought "[f]or the convenience of the parties and witnesses, in

the interest of justice." 28 U.S.C. § 1404(a).[1]  This is a decision which is discretionary with this Court.  Although, ordinarily, there is a strong presumption in favor of plaintiffs choice of forum, where, as here, a plaintiff chooses a forum which is not his home forum, his choice is given considerably less weight.  <u>Jordan v. Delaware & Hudson Railway Co.</u>, 590 F. Supp. 997, 998 (E.D. Pa. 1984).  "Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation."  <u>Gulf Oil Corporation v. Gilbert</u>, 330 U.S. 501, 508-509 (1947).  Accordingly, I will transfer this matter to the Middle District of Pennsylvania.

      An appropriate Order follows.

---

[1] Neither party contends that defendant cannot be sued in the Middle District of Pennsylvania and since the allegedly wrongful conduct of defendant's employee occurred there obviously it can be sued there.